IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DANIEL KELLY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 16-cv-2116 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Daniel Kelly's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1) and Amended Motion (Doc. 3). A hearing on the Motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." Hutchings v. United States, 618 F.3d 693, 699–700 (7th Cir. 2010) (quotation omitted). Because Petitioner is not entitled to relief, the § 2255 Motion and Amended Motion are DENIED.

**I. BACKGROUND**

In June 2010, a federal grand jury charged Petitioner with Distribution of 5 Grams or More of Cocaine Base Crack in violation

of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). See United States v. Kelly, United States District Court, Central District of Illinois, Urbana Division, Case No. 10-cr-20038-2 (hereinafter, Crim.), Indictment (d/e 7).

Petitioner pleaded guilty pursuant to a plea agreement in March 2011. See Crim., Plea Agreement (d/e 28); PSR (d/e 59). The parties, as well as the Presentence Investigation Report (PSR) prepared by the United States Probation Office, determined that Petitioner qualified as a career offender under § 4B1.1 of the advisory Sentencing Guidelines based on three prior Illinois felony convictions: (1) Reckless Discharge of a Firearm in violation of 720 ILCS 5/24-1.5; (2) Aggravated Battery in violation of 720 ILCS 5/12-4(b)(8); and (3) Aggravated Robbery in violation of 720 ILCS 5/18-1(b). See Crim., Plea Agreement at ¶17 (d/e 28); PSR at ¶25 (d/e 59). Based on this finding, both the Plea Agreement and PSR concluded that Petitioner faced an advisory guideline sentencing range of 188 to 235 months of imprisonment. See Crim., Plea Agreement at ¶19 (d/e 28); PSR at ¶67 (d/e 59). Petitioner entered into a Plea Agreement with the Government pursuant to Federal Rule of Civil Procedure 11(c)(1)(C), whereby both parties agreed that

the appropriate sentence was 188 months, the low-end guideline sentence. Crim., Plea Agreement at ¶20 (d/e 28).

At the Sentencing Hearing on July 8, 2011, Judge Michael P. McCuskey sentenced Petitioner to the agreed 188-month term of imprisonment, along with four years of supervised release. See Crim., Judgment (d/e 68).

Petitioner had reserved his right to appeal a decision by the district court holding that the Fair Sentencing Act ("FSA") of 2010 was not retroactive and, therefore, did not apply to his case. Crim., Plea Agreement at ¶¶3,23 (d/e 28). Petitioner filed a timely Notice of Appeal on this issue. While his appeal was pending, the Supreme Court held in Dorsey v. United States, 567 U.S. 260, 132 S. Ct. 2321 (2012), that the FSA did apply to offenders, such as Petitioner, whose crimes preceded the effective date of the FSA, but who were sentenced after that date. The Seventh Circuit vacated Petitioner's conviction and ordered resentencing consistent with Dorsey and the FSA. Crim., Mandate (d/e 93).

On remand, the parties filed a Joint Motion to Amend the Plea Agreement, requesting that the Court impose an agreed sentence of 151 months' imprisonment—the low-end guideline sentence after

the FSA. Crim., Motion (d/e 96). In January 2013, Judge McCuskey granted the motion and resentenced Petitioner to 151 months of imprisonment, to be followed by a three-year term of supervised release. Crim., Amended Judgment (d/e 99).

On April 27, 2016, Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C § 2255 (Doc. 1). As further explained in his Amended Motion (Doc. 3), Petitioner seeks to challenge his sentence under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. 135 S. Ct. at 2563; 18 U.S.C. § 924(e)(2)(B)(ii) (the ACCA "residual clause") (defining the term "violent felony" to include "conduct that presents a serious potential risk of physical injury to another").

Petitioner argues that, after <u>Johnson</u>, the identically worded residual clause of the sentencing guidelines, § 4B1.2(a)(2), is also unconstitutionally vague. Accordingly, because his designation as a career offender relied on the finding that his conviction for Reckless Discharge of a Firearm was a crime of violence under the sentencing guidelines' residual clause, he argues he should not have been sentenced as a career offender. The Government filed its

response (Doc. 8) on July 8, 2016, and Petitioner filed his reply (Doc. 9) on August 1, 2016.

In August 2016, the Seventh Circuit held that <u>Johnson</u> applied to the advisory guidelines. <u>United States v. Hurlburt</u>, 835 F.3d 715, 725 (7th Cir. 2016) (applying <u>Johnson</u> and holding that the residual clause in U.S.S.G. § 4B1.2(a)(2) was unconstitutionally vague). But, on March 6, 2017, the United States Supreme Court decided <u>Beckles v. United States</u>, holding that the "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause" and that the residual clause in § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. 886, 890 (2017) (also abrogating <u>Hurlburt</u>).

## II. **<u>ANALYSIS</u>**

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." <u>Almonacid v. United States</u>, 476 F.3d 518, 521 (7th Cir. 2007).

Here, Petitioner's <u>Johnson</u> claim is foreclosed by the decision in <u>Beckles</u>. Petitioner challenges his designation as a career

offender based on his prior conviction of Reckless Discharge of a Firearm to the extent that it qualified as a crime of violence under the Guidelines' residual clause. In light of Beckles, the "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause" and the residual clause in § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. 886, 890 (2017). Accordingly, Petitioner's Johnson claim must be denied.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). In light of Beckles, no reasonable jurists could debate whether the petition should be denied. The Court declines to issue

a certificate of appealability.

## IV. **CONCLUSION**

For the reasons stated, Petitioner Daniel Kelly's Motion and Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Docs. 1 and 3) are DENIED. The Court declines to issue a certificate of appealability. This case is CLOSED.

Additionally, the Court also notes that while Petitioner has not notified the Court that his address has changed, the BOP Online Inmate Locator states that Petitioner is now residing at FCI Oxford with the following mailing address:

> Daniel Kelly
> 15029-026
> FCI OXFORD
> FEDERAL CORRECTIONAL INSTITUTION
> P.O. BOX 1000
> OXFORD, WI  53952

Accordingly, the Clerk is DIRECTED to update Petitioner's mailing address and send a copy of this order to his new address.

ENTER: July 15, 2019

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
